United States District Court
Middle District of Florida
Jacksonville Florida

FILED
2011 JAN 27 AM 9:39
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Emory A. Kinsey
    Plaintiff

Vs.      Case No. 3:10-CV-1055-J-99MMH-JRK

MLH Financial Services, Inc.
    Defendant

Plaintiff's Motion Not to Dismiss Complaint Etc. and Memorandum of Law in Support there of:

I. I Emory A. Kinsey Plaintiff file this Motion Not to Dismiss Complaint. The Defendant MLH Financial Service Inc. filed this Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in Support there of. I will answer each allegation in the defendant Motion to dismiss Complaint in the factual Back Ground as Per Plaintiff's allegation's and Public Record Stated by the defendant.

1. On or about March 20, 1990, NCNB National Bank of Florida ("NCNB") obtained a final Judgment against Plaintiff in the amount of $3,175.86 (The Judgment) in the County Court of the fourth Judicial Circuit

in and for Duval County, Florida (Case No. 16-1989-SC-007470) ("The State Court") The Judgment was recorded in the Official Records of Duval County, Florida, Volume 6868, Page 1831 a True and Correct copy of the Judgment recorded in the Official Records is attached as Exhibit A of the Defendant's Motion to Dismiss.

My Answer: I am Not disputing this, NCNB do own a Judgment against me, but Not MHH but a copy of the Final Judgment was furnished to the Law Firm of Cramer, Haber and McDonald P.A. the Attorney for both the original Creditor and MHH

2. On or about November 28, 2002, MHH Purchased the Judgment from NCNB's Sucessor in Interest, Bank of America, N.A. See Amended Complaint at 9. On or about June 10, 2009, MHH filed a Notice of Sale and Assignment of Judgment with the State Court, effectively assigning the Judgment from NCNB to MHH, and Served a Copy of Same upon the Plaintiff, which Plaintiff received on or about June 15, 2009 See Amended Complaint at 9, 14 and Exhibit B-1 to the Amended Complaint.

My Answer: There is Nothing evidencing MHH Purchased a Judgment Nothing any where where NCNB Sold a Judgment to MHH Financial Services, Inc. and Nothing to Show where a Acknowledgment of Assignment of Judgment was Signed by MHH Nothing where Both Parties Signed anything. a Assignment of Judgment is a Contract that falls under a Statute

of frauds that requires that Certain Contracts be in writing, and that they be signed by all Parties to be bound by the Contract. The Purpose of a Statute of frauds is as the Name suggests to Prevent Injury from fraudulent Conduct. The only signature in this document is from MLH financial Services, Inc. affiant and it being Notarized. and it States that the books and records of MLH financial Services, Inc. relating to the Purchase of the Judgment described herein are in the Possession, Custody, and Control of the Undersigned affiant, these books and records are Maintained by MLH financial Services, Inc. in the Usual and Ordinary Course of it's Business. The Copies of the documents Attached hereto were obtained by the books and records of MLH financial Services, Inc. and are true and Correct Copies of the documents Maintained by MLH financial Services, Inc. that's the only thing that the Notice of Sale and assignment of Judgment States and it was filed by MLH and Not NCNB Nothing was attached that evidence's a relationship with the Original Creditor NCNB National Bank

Florida Rule of Civil Procedure 1.130(a) Provides in Pertinent Part. "all Bonds, Notes, bill of exchange, Contracts, accounts, or documents upon which action may be brought or defense made, or a Copy thereof

or a copy of the portions there of material to the pleadings, shall be incorporated in or attached to the pleading." No contract was attached to the action indicating a valid or legal assignment of judgment signed by NCNB National Bank and the acknowledgment of assignment of judgment was signed by MHH Financial Services, Inc. and recorded with the Duval County Florida State Court under Case No. 16-1989-SC-007470

The affiant statement regarding the books and records of MHH Financial Services, Inc. relating to the purchase of the judgment and the bill of sale and print out all amounts to hearsay according to the F.R.C.P Rule 803(6) and Rule 902(11) FRCP Rule 803(6) states that domestic records of regularly conducted activity would be admissible under 803(6) if accomplished by a written declaration of its custodian or other qualified person, in a manner complying with any act of congress or rule prescribed by the Supreme Court pursuant to statutory authority certifying that the records (a) was made at or near the time of the occurrence of the matters set forth by or from information transmitted by a person with knowledge of those matters (b) was kept in the course of the regularly conducted activity and (c) was made by the regularly conducted activity as a regular practice

The only statement or declaration made was these books and records are maintained by MLH Financial Services, Inc. in the usual and ordinary course of its business. The Affiant does not state that it was at or near the time of the occurence of the matters set forth by or from information transmitted by a person with knowledge those matters nor did she state that under penalty of perjury, I declare that the foregoing facts are true and correct and complete making the Affiant statement hearsay.

The only Exhibits to the action of MLH Financial Services, Inc. was the Bill of Sale and a Generated Print Out in which MLH claimed identifies the Judgment as stated the Affiant statement is hearsay according to F.R.C.P Rule 803(6) and 902(11) The Bill of Sale and the Generated Print Out is hearsay also the Bill of Sale don't have a signature of a buyer and seller it do not reference my name Emory A. Kinsey nor do it reference a Account Number the acknowledgment is invalid according to Florida Statutes 117.05 it do not have a venue stating the location of the nortirization in the format " State of Florida, County of ____ ", as set forth in Section 117.05 of FL Statutes and the Notary Public can't be identified all this making the bill of sale invalid the bill of sale is hearsay according to F.R.C.P Rule 803(6) and 902(11) it wasn't accomplished by any declarations.

The Generated Printout as stated is hearsay also it wasn't accomplished by any declarations as set out by F.R.C.P Rule 803(6) and Rule 902(11)

When exhibits are inconsistent with the Plaintiffs' allegations (in this action was MHH Financial Services, Inc.) of material fact as to whom the real party in interest is, such allegations cancel each other out. Fladell v. Palm Beach County Canvassing Board, 772 So. 2d. 1240 (Fla. 2000); Greenwald v. Triple D. Properties, Inc, 424 So. 2d. 185, 187 (Fla. 4th DCA 1983); Costa Bella Development Corp. v. Costa Development Corp, 441 So. 2d. 1114 (Fla. 3rd DCA 1983). MHH Financial Services, Inc Claimed they purchased a Judgment but this action was filed by them MHH Financial Services, Inc. under the Original Creditor's Name NCNB National Bank claiming to be a Notice of Sale and Assignment of Judgment with only a Bill of Sale and a Generated Printout both of which is hearsay according to F.R.C.P Rule 803(6) and 902(11) (EX B-1) Amended Complaint

Florida Rule of Civil Procedure 1.210(a) Provides in Pertinent Part: "Every action may be prosecuted in the Name of the real party in interest, but a Personal representative, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought.

again, the action was filed by MHH Financial Services, Inc. but filed under the Original Creditor's Name NCNB National Bank. MHH Financial Services, Inc has failed to establish itself as the real party in interest and don't have documentation's to support a valid and legal assignment of judgment from NCNB (Ex B-1

In Florida, the prosecution of a foreclosure action is by the owner and holder of the mortgage and the note. Your Construction Center, Inc. vs. Gross, 316 So. 2d. 596 (Fla. 4th DCA 1975). As stated the action was filed by MHH Financial Services, Inc. under the original creditor's name NCNB National Bank with no supporting document's evidencing a valid and legal assignment of judgment. MHH claimed it own a judgment however it failed to produce any material evidence to support it claim. In the absence of this evidence MHH Financial Services, Inc is clearly misrepresenting themselves as the real party in interest and the holder in due course with legal standing to have brought the action against the defendant Emory A. Kinsey (Ex B-1 Plaintiff's amended complaint the Plaintiff is clearly NCNB National Bank of Florida with case number 89-7470-SP and the Defendant is Emory A. Kinsey)

3. On September 28, 2000, pursuant to the writ of execution entered by the State Court in favor of MHH (as assignee of the judgment) and in accordance with Florida Law,

The Sheriff in and for Duval County levied on Plaintiff's Vehicle and recorded the Notice of Sheriff's Levy in the Official Records of Duval County, Florida, Volume 15020, Page 19. A true and correct copy of the Notice of Sheriff's Levy filed in the Public record is attached hereto as Exhibit B of the Defendant Motion to Dismiss Plaintiff's Complaint

My Answer: The Notice of Sheriff's Levy state's that in the Cause wherein MLH Financial Services, Inc., by assignment from Bank of America, N.A, the Successor in interest to NCNB National Bank of Florida was Plaintiff and Emory A. Kinsey was defendant, being Case No. 89-7470SP in the said Court. A assignment of Judgment is a contract that falls under the statute of frauds that certain contract's be in writing and that they be signed by all parties to be bound by the contract. The purpose of a statute of frauds is as the name suggests to prevent injury from Fraudulent Conduct. This action was filed by MLH Financial Services, Inc but filed under the Original Creditor's Name NCNB National Bank. MLH Financial Services, Inc has failed to establish itself as the real Party in interest and don't have documentations to support a valid and legal assignment of Judgment from NCNB National Bank. The law firm of Cramer, Haber and McDonald P.A was both the original Creditor's attorney and MLH Financial Services Inc. this law firm was send a copy of the final Judgment in 1990 (Ex A of Defendant Motion to Dismiss Complaint) MLH Financial Services, Inc Claimed it own

a Judgment however it failed to produce any material evidence to support it claim. In the absence of this evidence MLH financial Services, INC. is clearly misrepresenting themselves as the real party in interest and the holder in due course with legal standing to have brought the action against me the defendant in this action. MLH financial Services, INC. had a writ of execution done when it wasn't legally authorized to do so. With no valid or legal assignment of Judgment from the original Creditor (NCNB National Bank) signed by NCNB National Bank and a acknowledgment of assignment of Judgment signed by MLH financial Service's INC.

4. The Sheriff Published the Notice of Sheriff's Sale which notified the public of the levy of Plaintiff's Vehicle and the Proposed Public Auction thereof. See Exhibit C-10 to Plaintiff's Amended Complaint.

My Answer: again the Notice of Sheriff's Levy state's that in the Cause wherein MLH financial Services, INC. by assignment from bank of America, N.A. the successor in interest to NCNB National Bank of florida was Plaintiff and Emory A. Kinsey was Defendant, being Case Number 89-7470SP in the said Court. A assignment of Judgment is a contract that falls under the statute of frauds that certain contracts be in writing and that they be signed by both or all parties to be bound by the contract. The Purpose of a statute of frauds is as the name suggests to prevent injury from fraudulent conduct

This action was filed by MLH financial Services, INC. but they (MLH Financial Services, INC.) filed this under the Original Creditor's Name NCNB National Bank of Florida MLH financial Services, INC has failed to established itself as the real Party in interest and don't have documentations to support a valid and legal assignment of judgment from NCNB National Bank.

The Law firm of Cramer, Haber, and McDonald P.A was both the Original Creditor NCNB National Bank and MLH financial Services, INC Attorney. This law firm was send a copy of the final Judgment in 1990 (EX A of Defendant Motion to Dismiss Complaint) MLH claimed it own a Judgment however it failed to Produce any Material evidence to support it claim. In the absence of this evidence MLH financial Services, INC. is Clearly Misrepresenting themselves as the real Party in interest and the holder in due Course with Legal standing to have brought the action against me the defendant in that Case

5. THE Plaintiff first filed his Claim of Exemption and request for hearing with the State Court on October 15, 2009, more than thirteen (13) months before the filing of the Plaintiff's Complaint in this Case. See Exhibit C-5 to Plaintiff's Amended Complaint. As a result of the Plaintiff's Claim of Exemption and Request for hearing, the Sheriff's Sale was Stayed by the State Court's order staying Levy and Sale and setting hearing on Claim of Exemption for November 17, 2009, a Copy of which is attached to the Amended Complaint as Exhibit C-8. At the Scheduled hearing on Plaintiff's

exemption Claims, the Parties reached an amicable Settlement ("the Settlement") a copy of which is to attached to the amended Complaint as Exhibit D-1.

My Answer: Yes I did file a Claim of Exemption and Request for a hearing with the State Court on October 15, 2009 with objection of the Claim of exemption and request for hearing from MHH financial Services, Inc. I had a Right to that but MHH Didn't give me that Right I didn't get the Notice to Defendant of Right against garnishment of Wages, Money, and other Property and as stated MHH financial Services, Inc had an objection to my Claim of Exemption and request for hearing but the Judge granted my request and in the hearing on November 17, 2009 MHH financial Services, Inc and I did reached an Settlement because at the time MHH financial Services, Inc. had me Truly believing that they owned a Judgment I was misrepresented and mislead by MHH financial Services, Inc because of the unfair and fraudulent Conduct.

6. As required under the terms of the Settlement, Plaintiff made certain Payments to MHH in return for the release of the Subject Motor Vehicle, and in turn MHH ensured the release of the Motor Vehicle to Plaintiff and recorded a Satisfaction of Judgment in the official Records of Duval County, Florida, Book 15123, Page 966, a True and Correct Copy of the Satisfaction of Judgment recorded it's Notice of release of Sheriff's Levy in the official Records of Duval County, FL Book 15080, Page 2427, on November 30, 2009. a true and Correct copy of the Notice of Release of Sheriff's Levy recorded in the Public record is attached hereto as Exhibit "D".

My Answer, as stated above I was Mislead, Misrepresented by

MLH financial Services, INC. that they owned a Judgment because of there unfair Practices and fraudulent conduct MLH financial Services INC had my Motor Vehicle for about (2) Months they enforced a unenforceable Judgment No Contract was held between NCNB National Bank of Florida and MLH financial Services, INC.

7. THE Payment of funds to MLH, and the filing of the Satisfaction of Judgment and Release of Sheriff's Levy, effectively Satisfied the terms of the Settlement in its entirety. Nevertheless, on November 16, 2010, Plaintiff filed it's Complaint against MLH, asserting Various Violations of the FDCPA and the Florida Consumer Collection Practices, Act 559.551, et seq ("FCCPA"), stemming from MLH having been assigned the Judgment, seeking a Sheriff's Levy of Plaintiff's Collateral, and entering into the Settlement with Plaintiff. See Amended Complaint at 8-20

My answer, as Stated MLH had me believing they really owned a Judgment against me because of there unfair Practices and fraudulent conduct I was misrepresented, and mislead by there conduct THE Satisfaction of Judgment filed by MLH financial Services, INC still have NCNB National Bank of Florida as the Plaintiff so MLH financial Services, INC filed this under the original Creditor's Name. the Same as they filed the Notice of Sale and assignment of Judgment and this Satisfaction of Judgment was Prepared by and returned to by Robert L. McDonald, JR. of Cramber, Haber & McDonald, P.A Law firm the Law firm of Both the Original Creditor ALC NB National Bank and MLH financial Services, INC. I said all along that this law firm was send a copy of the final Judgment in 1990 that's how MLH financial Services, INC was able to file the Notice of Sale and assignment of Judgment under the original Creditor's Name, along with the Satisfaction of Judgment

II. The Defendant also stated in there Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in Support Thereof Page 6 that Plaintiff admits in his amended Complaint that MLH filed a Notice of Sale and assignment of Judgment with the State Court in June of 2009, effectively assigning the Judgment from NCNB to MLH, and that Plaintiff was served with the Notice of Sale and assignment of Judgment on or about June 15, 2009. See Amended Complaint at 9, 14 and Exhibit B1 to the Amended Complaint.

My answer I did Not admit that they filed a Notice of Sale and assignment of Judgment effectively assigning the Judgment from NCNB to MLH, I stated that they Claimed they Purchased this debt on 28 November 2002. Not effectively assigning the Judgment from NCNB to MLH because MLH don't have a Valid and Legal Assignment of Judgment Nor do they have a Acknowledgment of Assignment of Judgment Signed by MLH I also stated that MLH filed the Notice of Sale and assignment of Judgment under the original Creditor Name NCNB National Bank

III. Conclusion
for all of the foregoing reasons the Plaintiff, Emory A. Kinsey Respectfully Moves this Court to Not Dismiss this Complaint.
Dated 27 Jan 2011

27 January 2011

*Emory A. Kinsey*
Emory A. Kinsey
2504 Edgewood Ave. W
Jacksonville FL 32209
(904) 768-6982
Plaintiff

## Certificate of Service

I hereby Certify that a true and Correct Copy have been filed with the Clerk of Court and a true and Correct Copy of the foregoing documents have been furnished by Certified U.S. Mail return receipt Number 7010 1060 0001 2043 6241 to MLH Financial Services, Inc. Attorney Richard B. Weinman 390 N. Orange Ave. Suite 1500 Orlando FL 32802-1391 on 27 Jan 2011

*Emory A. Kinsey*
Emory A. Kinsey
2504 Edgewood Ave. W
Jacksonville FL 32209
(904) 768-6982
Plaintiff