United States District Court
Middle District Of Florida
Jacksonville Division

FILED
2013 JUL 15 AM 10: 32
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

Emory A. Kinsey

Plaintiff Case No.3:10-cv-1055-J-JRK

Vs.

MLH Financial Services, Inc.

Defendant Case No.3:11-cv-686-J-JRK

PLAINTIFF'S MOTION FOR Leave for relief from a judgment and Order the Defendant did not respond timely pursuant to fed. R. civ. P. 72 And memorandum of law in support thereof.

COMES NOW, Plaintiff, Emory A. Kinsey files this Motion For leave for Relief from a judgment and order in reference to the Defendant's untimely Filing of response Or objection's to Plaintiff's objection's to the Magistrate Judge order dated June 11, 2013 plaintiff's objections to the magistrate judge order dated June 24 2013 and Plaintiff's Motion for Leave for relief From a judgment And Order Dated June 7, 2013 along with affidavit's and Memorandum of Law in support Thereof And States as Follows:

# ARGUMENT AND CITATION TO AUTHORTIES

On June 7, 2013 I Emory A. KINSEY Plaintiff filed a motion for relief From a Judgment and order along with a affidavit in support of motion for Leave for federal rule of civil procedures rule 60 relief from a Judgment and Order and Memorandum of law in support thereof that was procured by Fraud, Misrepresentation, deception, misconduct by the opposing party, Oversight and omissions see document's 69 pg. 25 and 70 pg. 16 case no. 3:11-cv-686-J-JRK also see document's 114 pg 25 and 115 pg.116 case No. 3; 10-cv-1055-J-JRK see also Ex. a and Ex. B. attached. I also Filed a motion to disqualify the Honorable James R. Klindt pursuant to 28 U.S.C 455 (a)(b)1 and memorandum of law in support thereof see doc. No. 68 case no.3:11-cv-686-J-JRK also see doc. No.113 order denying the Motion doc. No.71 case no.3:11-cv-686-J-JRK also see doc. No.116 order Denying the motion case no.3:10-cv-1055-J-JRK. All of the above affected My substantial rights.

MLH Financial Services, Inc. MLH alsodid not file timely respond to My (plaintiff's) Objection's with the District Court within 14 days after Being Served with a copy of the Objections served on 26 June 2013. Ex. c And Ex.D see also Ex. E all attached see also doc. 72 page 24 doc.73 pg.16. MAGISTRATE JUDGES: PRETRAIL ORDER (a) Nondispositive

MATTERS. When a pretrial matter not disparities of a party's claim or Defense is referred to a magistrate judge to hear and decide, the magistrate Judge must promptly conduct the required proceedings and, when Appropriate, issue a written order stating the decision. A party may not Assign as error a defect in the order not timely objected to. The district Judge in the case must consider timely objections and modify or set aside Any part of the order that is clearly erroneous or is contrary to law.

(b) Dispositive motion and prisoner petitions. (1) Findings and Recommendations. A magistrate judge must promptly conduct the required Proceedings when assigned, without the parties' consent, to hear a pretrial Matter disparities of a claim or defense or a prisoner petition challenging The conditions of confinement. A record must be made of all evidentiary Proceedings. The magistrate judge must enter a recommended disposition, if Appropriate, proposed findings of fact. The clerk must promptly mail a copy To each party. (2) Objections. Within 14 days after being served with a copy Of the recommended disposition, a party may serve and file specific written Objections to the proposed findings and recommendations. A party may Respond to another party's objections within 14 days after being served With a copy. Unless the district judge orders otherwise, the objecting party

Must promptly arrange for transcribing the record, or whatever portions of It the parties agree to or the magistrate judge considers sufficient.

(3)Resolving objections. The district judge must determine de novo any part Of the magistrate judge's disposition that has been properly objected to. The District judge may accept, reject, or modify the recommended disposition; Receive further evidence; or return the matter to the magistrate judge with Instructions. See doc. No.68 and 71 case no.3:11-cv-686-J-JRK also see Doc. No.113 and 116 case no.3:10-cv-1055-J-JRK. A party may respond to Another party's objections within fourteen days after being served with a Copy thereof. Failure to make objections in accordance with this procedure May forfeit rights on appeal. See United States vs. Walters, 638 F. 2d 947 (6th cir., 1981); Thomas vs. Arn, 474 U.S. 140, 106 S. Ct. 466,88 L. Ed. 2d 435 (1985). The Defendant did not timely respond to my objections within Fourteen days after being served with a copy thereof in violation of federal Rules of civil procedure rule 72 Magistrate Judge Pretrial ORder EAK order. Nor did MLH respond or had any objections to the motion for leave from a judgment and order dated June 7, 2013.I am seeking justice and not a Miscarriage of justice all of which affected my substantial rights.

The federal rules of civil procedure allows cases to be re-opened in

Particular circumstances. Specifically, federal rule of civil procedure 60(b) (rule 60 (b) offers a party relief from a judgment on motion when it is "inequitable to permit a judgment to stand." the rule applies only to final Judgments. Thus, rule 60(b) strikes at the heart of the concern for resolving Disputes between parties because of the importance of final judgments, a Court should only grant rule 60 (b) relief in exceptional circumstances.

PRESERVATION OF ERROR: To appeal a case, it is essential that Appealable error be preserved. Although not jurisdictional, courts of Appeals usually will consider error that has not been properly preserved. McDonald's corp. vs. Watson, 69. F.3d 36, 44 (5th cir. 1995).

Matters that must be preserved at trail. Certain matters must be preserved at Trail through a timely objection. Those matters generally include attacking Admission and exclusion of evidence and charge error. U.S. vs. Pettigrew, 77 F.3d 1500, 1516 (5th cir. 1996) ("In order to preserve error for appellate Review, defendant's objection to admission of evidence must adequately Apprise the district court judge of the grounds for objection.") Beech Aircraft Corp. vs. Rainey, 488 U.S. 153, 174 (1988) (objection to exclusion Of evidence); Brown vs. Ames, 201 F .3d 654, 662 (5th cir. 2000) (objection To charge error). There are, however, exceptions that may permit

unpreserved error in these areas to still be raised for the first time on Appeal Fed. R. Evid. 103(d); see also Permian petroleum vs. petroleos Mexicanos 934 F.2d 635, 648 (5th cir. 1991) (when a party fails to object To the Admission of evidence, the appellate court can still conduct a plain Error Review); FED. R. Civ. P. 51(d) (2) courts may consider a plain error in The Instructions affecting substantial rights that has not been preserved.) Other errors that generally require a timely objection to preserve the matter For appeal include improper jury argument and improper comments by the Judge. F.3d 274, 283 n.5 (5th cir. 2000) (improper jury argument); peel vs. AM. Fid. Assur. Co., 680 F. 2d 374, 377 (5th cir. 1982) (improper comment By the judge).

Although most error must be preserved by post trail motion, there are Certain matters that may be raised on appeal without any prior steps to Preserve the error. Those matters include attacks on subject matter Jurisdiction, mootness, and plain error in the charge or admission and Exclusion. In re McCloy, 296 F .3d 370, 373 (5th cir. 2002) harris vs. city Of Houston, 151 F. 3d 186, 189 n. 4(5th cir. 1998) (noting that the issue of Mootness, even if raised for the first time on appeal, must be addressed by The court); U.S. vs. Miller, 600 F .2d 498, 500 (5th cir. 1979) ("objections to The admission of evidence cannot be raised for the first time on appeal in

The absence of plain error.") other matters may also be considered, but "only if the issue is a purely legal issue and if consideration is necessary to Avoid a miscarriage of justice." Crist vs. Dickson Welding. Inc., 957 F. 2d 1281, 1289 (5th cir. 1992). When asserting unfair surprise at trail, Genmoora Corp. vs. Moore Bus. Forms, Inc., 939 F .2d 1149, 1156 (5th cir. 1991)., When asserting trail was unfair, Seidman vs. AM. Airlines, 923 F .2d 1134, 1140 (5th cir. 1991).

Robinson vs. Volkswagenwerk AC 56 F .3d 1268, 1274 n.6 (10th cir. 1995); Travelers Indem. Co. vs. Gore, 761 F .2d 1549, 1552 (11th cir. 1985). (...explaining types of fraud necessary to obtain relief from a fraudulently Obtained judgment.)

United States vs. Olano 57 U.S. 725,113 S. Ct. 1770 (1993) these errors and Others was plain they affected my substantial right's. I.D at 732-37, 113 S.CT. at 1777-79 and seriously affected the fairness, integrity or public Reputation of the judicial proceedings Johnson vs. U.S. 520 U.S. 461, 467, 117 S.CT, 1544, 1549 (1999) the errors affected the outcome of the non jury Trail and appeal if it was not for the errors it would have been a difference In the outcome.

Waiver of objections to discovery requests. Any objection to an

Interrogatory request not stated in a timely fashion (within 30 days of the Discovery request) is waived, unless the court, for good cause, excuses The failure. Fed. R. civ. P. 33(b) (2),(4) objections to document requests Under rule 34 must be similarly stated within 30 days to avoid waiver. Plaintiff asks for a ruling that the defendant have waived, through failure To respond in a timely manner trustfully and under oath, have not signed the The defendant's responds to plaintiff's request to admit, have not signed the Certificate of service to it nor did the defendant send me the document's I Requested and have not provided any grounds to excuse of the failures, Defendant have waived all objections to plaintiff's requests. I requested a Motion to compel that was not acted on by the magistrate judge.

Fed. R. CIV. P. Rule 33(b)(3) the current version of the rule provides "Each Interrogatory must to the extent it is not objected to, be answered separately And fully under oath.

Fed. R. Civ. P. 37(a)(1) before a party may succeed on a motion to compel Discovery that party must first first prove that it sought discovery in the Matter required by the rules of procedure," camiolo vs. state farm fire and Casualty co., 334 F .3d 345, 360 (3rd cir. 2003).

Federal rules of civil procedure state clearly that capacity to sue must Be raised in a specific denial in an appropriate pleading or amendment, Fed.

R. Civ. P 9 (a)., see wagner furniture interiors, vs. Kemmer's Georgetown Manor, Inc., 929 f. 2d 343, 345-46 (7th cir. 1991). Rule 17 (a) of the Federal Rules Of Civic procedure requires that an action must be prosecuted in the Name of the real party in interest." the real party in interest is the person or Entity that possesses the right or interest to be enforced through litigation, And the purpose of this procedural rule is to protect the defendant against a Subsequent action by the party actually entitled to recover. Fed. R. Civ. P. 17(a) advisory comm. Note (2009) see also Rawoof vs. Texas petroleum Co. INC., 521 F .3d 750, 756 (7th cir. 2008); moore's federal practice 17. 10 (2009).

Standing Argument Waived. Rawoof, 521 F. 3d at 756-57. The familiar Article iii standing requirements are (1) an injury in fact; (2)causation; and (3) redress ability, sprint commc'ns co. L.P.V. APCC servs., inc. 128 S.CT. 2531, 2535 (2008); Pollack vs. U.S. dept. of justice, 577 F .3d 736, 739 (7th Cir. 2009) (1) I lost money procured by fraud, fighting this case Recovery of my vehicle, I had to hire a attorney to recover my vehicle and For a claim of exemption and hearing with opposition from the defendant, Numerous filings, objections, through MLH act's and omissions, the Defendant not being a real party in interest, the defendant not being

assigned a judgment, the defendant not signing a separate written Acknowledgment of assignment, the defendant not providing me with A number of documents, a number of federal and states laws not followed, No one wrote a statement of personal knowledge of the matters, MLH did Not have a Statement in accordance with Florida Or Federal Rules Of Evidence 803(6)(14)(15) or 902, no Affidavit of levying creditor, no one Wrote a Statement of the trustfulness of the matters, see ex. E, ex. F, ex. G, ex. H, ex. I, ex. J, ex. K, ex. L, ex. M, all attached the defendant causing Added stress, extreme stress, humiliation, embarrassment punitive damages and actual damages causing me great pain and suffering (2) due To MLH there attorney Robert L. Mcdonald Jr. and the attorney that Represent's MLH now Richard B. Weinman and (3) compensation would Remedy the injuries, wrongs and losses, punitive damages, actual damages Out of pocket expenses, court cost and fees, recover money the defendant Collected illegally, money I had to pay for a attorney to recover my vehicle And for a claim of exemption and hearing, for $75.000.00 dollars in Damages in which MLH did not object to but for fraud and other Misconduct's by the defendant and both attorney's $225.000.00 in damages Treble damages and grant me such further and other relief this court deems Just and proper.

MLH the named plaintiff cannot sue in federal court to assert the right's of A Third party. Nocula vs. UGS Corp; 520 F .3d 719, 726 (7th cir. 2008) a Court Determines whether the named plaintiff owns, the claim by looking to Applicable state and federal laws see, e.g., Frank v. Hadesman & frank, INC., 83 F. 3d 158, 159 (7th cir. 1996).

Federal Rules Of Procedure Rule 1.130 Attaching Copy Of Cause Of Action And Exhibits (a) Instruments Attached All bonds, notes, bills of Exchange, contracts, accounts, or documents upon which action may be Brought or defense made or a copy thereof or a copy of the portions thereof Material to the pleadings shall be incorporated in or attached to the pleading No papers shall be unnecessarily annexed as exhibits. The pleadings shall Contain no unnecessary recital of deeds, documents, contracts, or other Instruments. (b) Part for All Purpose. Any exhibit attached to a pleading Shall be considered a part thereof for all purposes Statements in a pleading May be adopted by reference in a different part of the same pleading in Another pleading or in any motion for these reasons.

I Emory A. Kinsey (plaintiff) which to move to eliminated (stricken) from The records the defendant's notice of sale and assignment of judgment, The motion's to dismiss plaintiff's complaint's and memorandum of law

In support thereof, defendant's response to plaintiff's request for Admissions, defendant's document's bates stamped numbers 00001-00075, None of which had a statement in accordance with Florida or Federal rules Of Evidences rules 803(6)(14)(15 or 902, no one wrote a statement of Personal Knowledge of the matters, no one wrote a affidavit to support there Claims Or defenses, no affidavit of levying creditor, MLH did not file a Certified Copy of a judgment against defendant with a court, MLH was Furnished a copy of the final judgment against defendant to the law firm of Cramer, Haber & McDonald, p.a. at 1311 north church Ave. Tampa, Florida 33607 this law firm represented the original creditor and owned the Collection agency involved in this action MLH financial services, Inc. see Documents 1 ex, a ex. B1-b2, 7 ex. A, 26 ex. A case no.3:10-cv-1055-J-JRK And Documents 8 ex. a, ex. B1-b2 case no.3:10-cv-1055-J-JRK MLH, not Sign a separate written Acknowledgment of assignment, the satisfaction of Judgment was prepared by and returned to: Robert L. McDonald, Jr. of the Law firm of Cramer, Haber, & McDonald, P.A. at 1311 north Church Ave. Tampa, Florida 33607 and still have the plaintiff as NCNB National Bank Of Florida and the satisfaction of judgment was signed by Robert L. McDonald, Jr. attorney for Mlh Financial services, Inc. and MLH did not File a certified copy of a satisfaction of Judgment with the Court, no one

Testified to the trustfulness Of the Matters, therefore the statement's and Documents attached to the Notice of sale and assignment of judgment and The defendant's motion's to Dismiss Plaintiff's complaint's and memorandum of law is inadmissible into evidences in accordance with Evidences Florida statutes 90.801 hearsay; definitions; exceptions (1) the Following definitions apply under this chapter. (a) a " statement" is: (1) An Oral or written assertion; or (2) nonverbal conduct of a person if it is Intended by the person as an assertion. (b) A "declarant" is a person who Makes a statement. © " hearsay "is a statement, other than one made by the Declarant while testifying at the trail or hearing. Offered in evidence to Prove the truth of the matter asserted. (2) A statement is not hearsay if the Declarant testifies at the trail or hearing and is subject to cross-examination Concerning the statement and the statement is: (a) inconsistent with the Declarant's testimony and was given under oath subject to the penalty of Perjury at a trail, hearing, or other proceeding or in a deposition; none of the Defendant's statement's and document's was given under oath subject to The penalty of perjury at a trail, hearing, or other proceeding or in a Deposition; and did not have a statement in accordance with Florida or Federal evidence code 90.803(6)(14)(15) or rule 902(11) nor did anyone

Write a statement of the trustfulness of the matters, the evidences is not trustworthy because I had no opportunity to cross-examine the person who made the statement and document's as exhibit's making the defendant's Statement's and document's all hearsay evidences and is not admissible Into evidence. See ex. e, ex. F, ex. g, ex. H, ex. I, ex. J, ex. K, ex. L and ex. M, all attached and MLH Did not follow Florida assignment and satisfaction Of Mortgage law, No validation of debt language was provided to me Therefore I Did not get to Validate the debt, the defendant filing frivolous Claims and Defenses through out the proceeding, MLH violated rules of Professional Conduct for Florida lawyers, the defendant is not a real party in Interest and Was not Able to bring a action in a court of competence Jurisdiction, MLH Violated both Fair debt collection practice act and the FLA. Consumer Collection Practices act sections 559.715 and 559.72,MLH Violated FL. Statutes 679.4061, not attaching a copy of cause of action and Exhibits not Providing me with the instruction for levy, violating discovery In aid Of execution, having a wrongful writ of execution, MLH violated FL. Statutes 55.10, violating Florida Statutes section 77.01and 77.041,mlh Violated Florida Statutes 90.604, having done with the state a wrongful Judgment lien detail, judgment lien certificate, and judgment lien Amendment statement, MLH violated the Florida Statutes 55.206, MLH

Violated FL. rules of civil procedure rule 1.550 and 1.560, MLH violated FL. Statutes 95.11(1)(2)(a)©(3)(a)(g)(h)(I)(j)(k)(o)(4)(e), MLH violated FL. Statutes Evidence Code 90.502(4)(a), MLH violated U.S. code 1692e False and misleading representations (2)(a)(4)(5)(8)(9)(10)(12)(13)(14)(15), MLH violated U.S. Code 1692f(1)(6)(a)(8), MLH violated U.S. Code 1692j (a)(b), MLH violated Florida Statutes 90.501(2)(3)(4), MLH violated Florida Statutes 90.604, MLH Florida Statutes Crimes section 817.02, MLH violated frcp rule 37 (4)(5)(I)(ii)(iii)(b)(b) by failure to comply with Court orders see doc.33 discovery deadline pg.1 also see document 58 pg.1-9 exhibit's a-s case no. case no.3:10-cv-1055-J-JRK MLH violated 26(3)(4)(5)(b)(1)(5)(e)(1)(2)(f)9)(3)(4)(5)(b)(1)(5)(e)(1)(2)(f)(2)(3)(4) (g)(1)(2)(a)(b)©(3), MLH did not state in there motions to dismiss Plaintiff's Complaint's and memorandum of law that there was unresolved Issues that Was not resolved, that MLH did not respond or had any Objections to Documents 51-85 case no.3:10-cv-1055-J-JRK MLH did not State that the Defendant's responds to Plaintiff's request to admit was not Signed the Certificate of service to it Was not signed nor did MLH send me The documents I requested document 26 case no.3:10-cv-1055-J-Jrk and Doc.23 case no.3:11-cv-686-J-JRK. Nor did the defendant respond or had

Any objections to the motion in li mine to make a threshold decision on Admissibility of relevant evidence, authentic, and admissible and that the Foundational requirements are set and would be competent testimony at Trail and the motion in li mine to prevent defendant from proffering Inconsistent evidence at trail document's 21 and 22 case no.3:11-cv-686-J-JRK nor did MLH respond or had any objections to plaintiff's objections To the magistrate's Judge orders Report and recommendation's document's No.37, 38, 39, and 40 case no.3:10-cv- 1055-J-JRK. MLH did not state that MLH did not provide me with a 30 day written notice of a debt as requested by FL. Consumer collection practices Act, no 30 day late notice, no 90 day late notice, no contract with the original creditor or myself before the claim of exemption and hearing was conducted then under extreme stress I was coerced into signing the joint stipulation statement when I was told that I couldn't get my vehicle back unless I payed to get it back, no payment history, nothing from NCNB national bank of Florida stating that I was to start paying MLH anything, MLH had already had my vehicle for 57-58 days illegally without court orders, I was not provided with the validation of debt language therefore I did not get to validate the debt, I was not provided with Fl. Statute 77.01, 77.041 notice to individual defendant for claim of exemption from garnishment; procedure and for a hearing See

document's 1,7,11,21,24,25,26,27,33,51,52,53,54,55,56,57,58,59,60,61, 62,63,64,65,66,67,68,69,70,71,74,75,76,77,78,79,80,81,82,83,84,85,97,98, 99,100,103,104,and 105 case no.3:10-cv-1055-J-JRK also see document's 8, 21,22,23,25,26,27,28,33,34,35,37,38,39,40,41,42,43.44,4547,48,49,50,52, 53,54,56,57,58,59,60,61and 62 case no.3:11-cv-686-J-JRK see also doc. 36-2 pg.1-44 and doc.43-1 both in case no.3:10-cv-1055-J-JRK, Plaintiff's-appellant initial brief, defendant's-appellee brief, plaintiff's-Appellant reply brief see also doc.66 case no.3:11-cv-686-J-JRK and doc. 111 case no.3:10-cv-1055-J-JRK were the United States Court Of Appeals For the Eleventh Circuit issued an opinion affirming this Court's dismissal Of these cases. Then the Eleventh Circuit judgment was issued by mandate See doc.67 case no.3:11-cv-686-J-JRK and doc. No.112 case no.3:10-cv-1055-J-JRK all of which was unfair, unwarranted and unjust and was procured by fraud, misrepresentation, deception, misconduct by the Opposing party, oversight and omission's and other reasons to justify relief From a judgment on June 7, 2013 I filed a motion to disqualify the Honorable James R. Klindt see doc. 68 case no.3:11-cv-686-J-JRK and doc. No.113 case no.3:10-cv-1055-J-JRK I also filed a motion for relief from a Judgment and order procured by fraud etc. Along with a affidavit in support

Thereof see doc. No. 69 and 70 case no.3:11-cv-686-J-JRK also see doc. No No.114 and 115 case no. 3:10-cv-1055-J-JRK see also the magistrate judge Denying my motion and affidavit doc.No.71 case no.3:11-cv-686-J-JRK and Doc. No.116 case no. 3:10-cv-1055-J-JRK I then filed objections to the magistrate judge order and affidavit doc. No.72 and 73 case no.3:11-cv-686-J-JRK and doc. No.117 and 118 case no. 3:10-cv-1055-J-JRK and if need Have a preliminary pretrial conference and/or a evidentiary hearing to get to The trustfulness of the matters because the defendant and I never had any Of these. The facts stated above would entitle me to the relief requested in The complaint's as the allegations asserted by me. The defendant's act's as Described above was done with malicious, intentional, willful, reckless, and Wanton, fraudulent, deceptions, misrepresentations acts of omissions and negligent disregard for my rights under the law and with the purpose of Forcing a unenforceable judgment and coercing me to pay the alleged debt. MLH is responsible for all of the actions or inactions and should be held Liable for them. All of wish affected my substantial right's.

Conclusion:

The defendant did not timely respond to my objection's to the Magistrate judge order within fourteen days in violation of Federal Rules of

Civil Procedure Rule 72 And MLH did not ask for an extension of time nor did the defendant respond to my motion for leave for relief from a judgment and order along with a affidavit both dated June 7, 2013.

Accordingly the Court Should Grant the plaintiff's Motion for leave for Relief from the judgment and order along with the Affidavit Federal rules of civil procedure rule 60 (b) provides for this type relief and in the interest Of Justice I motion that this court do the right thing and that is to grant Plaintiff's motion for leave for relief from a judgment and order defendant did not respond timely pursuant to federal rules of civil procedures rule 72 and plaintiff Should be awarded its costs and such Other and further relief as this court Deems equitable. I further state that I Declare under penalty of perjury under The laws of the state of Florida that The foregoing statement's and document's are true And correct and could be Used in a court of competence jurisdiction. I am Making these statements from personal knowledge and to the trustfulness of the matters,

Dated: July 15, 2013

Respectfully Submitted,

Emory A. Kinsey

Emory A. Kinsey
2504 Edgewood Ave. W

07/15/13

PATRICE HAMILTON
Commission # EE 170836
Expires February 19, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

Jacksonville, Florida 32209
(904) 379-5494
Plaintiff- pro-se

Certificate Of Service

I HEREBY CERTIFY that a true and correct copy of plaintiff's motion for leave for relief from the judgment and order defendant did not respond timely pursuant to federal rules of civil procedure rule 72 has been furnished to Richard B. Weinman at 390 North Orange Avenue, Suite 1500 Orlando FL. 32801 by U.S. First Class Mail on July 15, 2013.

Emory A. Kinsey
Emory A. Kinsey