# EXHIBIT F

Select Year: 2012 Go

# The 2012 Florida Statutes

Title VII EVIDENCE | Chapter 90 EVIDENCE CODE | View Entire Chapter

**90.803 Hearsay exceptions; availability of declarant immaterial.**—The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:

(1) SPONTANEOUS STATEMENT.—A spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness.

(2) EXCITED UTTERANCE.—A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

(3) THEN-EXISTING MENTAL, EMOTIONAL, OR PHYSICAL CONDITION.—

(a) A statement of the declarant's then-existing state of mind, emotion, or physical sensation, including a statement of intent, plan, motive, design, mental feeling, pain, or bodily health, when such evidence is offered to:

1. Prove the declarant's state of mind, emotion, or physical sensation at that time or at any other time when such state is an issue in the action.

2. Prove or explain acts of subsequent conduct of the declarant.

(b) However, this subsection does not make admissible:

1. An after-the-fact statement of memory or belief to prove the fact remembered or believed, unless such statement relates to the execution, revocation, identification, or terms of the declarant's will.

2. A statement made under circumstances that indicate its lack of trustworthiness.

(4) STATEMENTS FOR PURPOSES OF MEDICAL DIAGNOSIS OR TREATMENT.—Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment, or made by an individual who has knowledge of the facts and is legally responsible for the person who is unable to communicate the facts, which statements describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.

(5) RECORDED RECOLLECTION.—A memorandum or record concerning a matter about which a witness once had knowledge, but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly. A party may read into evidence a memorandum or record when it is admitted, but no such memorandum or record is admissible as an exhibit unless offered by an adverse party.

(6) RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY.—

(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with

knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness. The term "business" as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

(b) Evidence in the form of an opinion or diagnosis is inadmissible under paragraph (a) unless such opinion or diagnosis would be admissible under ss. 90.701-90.705 if the person whose opinion is recorded were to testify to the opinion directly.

(c) A party intending to offer evidence under paragraph (a) by means of a certification or declaration shall serve reasonable written notice of that intention upon every other party and shall make the evidence available for inspection sufficiently in advance of its offer in evidence to provide to any other party a fair opportunity to challenge the admissibility of the evidence. If the evidence is maintained in a foreign country, the party intending to offer the evidence must provide written notice of that intention at the arraignment or as soon after the arraignment as is practicable or, in a civil case, 60 days before the trial. A motion opposing the admissibility of such evidence must be made by the opposing party and determined by the court before trial. A party's failure to file such a motion before trial constitutes a waiver of objection to the evidence, but the court for good cause shown may grant relief from the waiver.

(7) ABSENCE OF ENTRY IN RECORDS OF REGULARLY CONDUCTED ACTIVITY.—Evidence that a matter is not included in the memoranda, reports, records, or data compilations, in any form, of a regularly conducted activity to prove the nonoccurrence or nonexistence of the matter, if the matter was of a kind of which a memorandum, report, record, or data compilation was regularly made and preserved, unless the sources of information or other circumstances show lack of trustworthiness.

(8) PUBLIC RECORDS AND REPORTS.—Records, reports, statements reduced to writing, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show their lack of trustworthiness. The criminal case exclusion shall not apply to an affidavit otherwise admissible under s. 316.1934 or s. 327.354.

(9) RECORDS OF VITAL STATISTICS.—Records or data compilations, in any form, of births, fetal deaths, deaths, or marriages, if a report was made to a public office pursuant to requirements of law. However, nothing in this section shall be construed to make admissible any other marriage of any party to any cause of action except for the purpose of impeachment as set forth in s. 90.610.

(10) ABSENCE OF PUBLIC RECORD OR ENTRY.—Evidence, in the form of a certification in accord with s. 90.902, or in the form of testimony, that diligent search failed to disclose a record, report, statement, or data compilation or entry, when offered to prove the absence of the record, report, statement, or data compilation or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation would regularly have been made and preserved by a public office and agency.

(11) RECORDS OF RELIGIOUS ORGANIZATIONS.—Statements of births, marriages, divorces, deaths, parentage, ancestry, relationship by blood or marriage, or other similar facts of personal or family history contained in a regularly kept record of a religious organization.

(12) MARRIAGE, BAPTISMAL, AND SIMILAR CERTIFICATES.—Statements of facts contained in a certificate that the maker performed a marriage or other ceremony or administered a sacrament, when such statement was certified by a member of the clergy, public official, or other person authorized by the rules or practices of a religious organization or by law to perform the act certified, and when such certificate purports to have been issued at the time of the act or within a reasonable time thereafter.

(13) FAMILY RECORDS.—Statements of fact concerning personal or family history in family Bibles, charts, engravings in rings, inscriptions on family portraits, engravings on urns, crypts, or tombstones, or the like.

(14) RECORDS OF DOCUMENTS AFFECTING AN INTEREST IN PROPERTY.—The record of a document purporting to establish or affect an interest in property, as proof of the contents of the original recorded or filed document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorized the recording or filing of the document in the office.

(15) STATEMENTS IN DOCUMENTS AFFECTING AN INTEREST IN PROPERTY.—A statement contained in a document purporting to establish or affect an interest in property, if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document.

(16) STATEMENTS IN ANCIENT DOCUMENTS.—Statements in a document in existence 20 years or more, the authenticity of which is established.

(17) MARKET REPORTS, COMMERCIAL PUBLICATIONS.—Market quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations if, in the opinion of the court, the sources of information and method of preparation were such as to justify their admission.

(18) ADMISSIONS.—A statement that is offered against a party and is:

(a) The party's own statement in either an individual or a representative capacity;

(b) A statement of which the party has manifested an adoption or belief in its truth;

(c) A statement by a person specifically authorized by the party to make a statement concerning the subject;

(d) A statement by the party's agent or servant concerning a matter within the scope of the agency or employment thereof, made during the existence of the relationship; or

(e) A statement by a person who was a coconspirator of the party during the course, and in furtherance, of the conspiracy. Upon request of counsel, the court shall instruct the jury that the conspiracy itself and each member's participation in it must be established by independent evidence, either before the introduction of any evidence or before evidence is admitted under this paragraph.

(19) REPUTATION CONCERNING PERSONAL OR FAMILY HISTORY.—Evidence of reputation:

(a) Among members of a person's family by blood, adoption, or marriage;

(b) Among a person's associates; or

(c) In the community,

concerning a person's birth, adoption, marriage, divorce, death, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history.

(20) REPUTATION CONCERNING BOUNDARIES OR GENERAL HISTORY.—Evidence of reputation:

(a) In a community, arising before the controversy about the boundaries of, or customs affecting lands in, the community.